UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
)   **JUDGE RICHARD L. SPEER**
Jesus Marroquin )
)   Case No. 09-3011
    Debtor(s) )
)   (Related Case: 08-35266)
Bernard Bartson )
)
    Plaintiff(s) )
)
v. )
)
Jesus Marroquin )
)
    Defendant(s) )

## **DECISION AND ORDER**

    The cause comes before the Court on the Motion of the Plaintiff, Bernard L. Bartson, to Alter or Amend Judgment pursuant to Bankruptcy Rule 9023. (Doc. No. 118). The Defendant, Jesus Marroquin, filed a response to the Motion, objecting to the relief sought by the Plaintiff. (Doc. No. 124). A hearing was then held on the matter. (Doc. No. 125). At the conclusion of the Hearing, the Court deferred ruling on the Plaintiff's Motion so as to afford time to further consider the issues raised by the Parties. The Court has now had this opportunity, and finds, for the reasons stated herein, that Plaintiff's Motion should be Granted in Part.

Bernard Bartson v. Jesus Marroquin
Case No. 09-3011

## BACKGROUND

On September 16, 2010, a Trial was held on a Complaint brought by the Plaintiff, Bernard L. Bartson, to determine the dischargeability of a particular debt. The Plaintiff brought his complaint against the Defendant, Jesus Marroquin, as well as Paul Garza, the Defendant's business partner. Both the Defendants had sought the protection of this Court by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code.

The Plaintiff's Complaint relied on 11 U.S.C. § 523(a)(2) as the statutory basis for a finding of nondischargeability. This provision generally excepts from discharge any debt arising from a debtor's fraud and/or intentional misrepresentations. At the conclusion of the Trial, the Court took the matter under advisement.

On November 5, 2010, this Court entered a Decision and Order finding that the Plaintiff had not sustained his evidentiary burden under § 523(a)(2). Based upon certain matters raised at the Trial, however, the Court conditioned the entry of a final judgment against the Plaintiff on both the Defendant and Mr. Garza performing an obligation related to real property owned jointly by the Parties. As it pertains to the Defendant, this Court's Order provided:

> that the Defendant, Jesus J. Marroquin, timely quitclaim his interests and that of his business, in the properties owned jointly with the Plaintiff, Barnard L. Bartson. Upon proof of such transfers being filed in this proceeding, an order of discharge will be entered consistent with this Decision.

(Doc. No. 112). A like order was contemporaneously entered in the adversary proceeding brought against Mr. Garza. Shortly following the entry of this Order, the Defendant and Mr. Garza submitted documentation showing that they had effectuated a conveyance of their interests in the properties owned jointly with the Plaintiff. (Doc. No. 114). The effective date of these transfers was November 9, 2010. *Id.*

Page 2

Bernard Bartson v. Jesus Marroquin
Case No. 09-3011

Based upon his compliance with this Court's Order of November 5, a final order was then entered, setting forth that "any claims, as that term is defined in 11 U.S.C. § 101(5), held by the Plaintiff, Bernard L. Bartson, against the Debtor/Defendant, Jesus J. Marroquin, be, and are hereby, determined to be DISCHARGEABLE DEBTS." (Doc. No. 116). Again, a like order was entered in the case involving Mr. Garza. Both of these Orders were entered on November 16, 2010. On November 30, 2010, the Plaintiff filed the Motion now before the Court, asking the Court to Alter or Amend these orders so as to require the Defendant and Mr. Garza to pay the Plaintiff rental income that they had collected. (Doc. No. 118). The specific facts giving rise to this request are now set forth.

## FACTS

The Defendant and his business partner, Paul Garza, owned and operated together a business entity known as R&E Exports, Inc. R&E Exports is an Ohio corporation and centered its business operations on purchasing trucks, truck parts, and other like equipment and then reselling its purchases to third parties. On behalf of R&E Exports, the Defendant and Mr. Garza entered into a number of business agreements with the Plaintiff.

Among their business agreements, the Parties purchased together two rental properties. These properties were titled in the name of the Plaintiff and the corporation owned by the Defendant and Mr. Garza. For these properties, the Plaintiff provided the financial capital; in return, the Defendant and Mr. Garza provided what is often termed "sweat equity," agreeing to actively manage the operation of the rental properties. The Parties' overall goal was to expeditiously sell the properties, and then to split any realized profits.

Approximately two years after purchasing the rental properties, the Defendant, as well as Mr. Garza, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

Page 3

Bernard Bartson v. Jesus Marroquin
Case No. 09-3011

Alleging that the business agreements between them were procured by fraud, the Plaintiff then commenced this action seeking a determination that all his claims against the Defendant and Mr. Garza were nondischargeable debts pursuant to 11 U.S.C. § 523(a)(2). A Trial was held on this matter, at which evidence was produced showing that the Defendant and Mr. Garza had intended to divest themselves of their interest in the Parties' two rental properties, by transferring title to the properties to the Plaintiff, but that this intention had been frustrated by their intervening bankruptcies. This Court's Order of November 5, 2010, requiring the Defendant and Mr. Garza to quitclaim their interests in the rental properties to the Plaintiff, was predicated upon both enabling and ensuring that the Defendant and Mr. Garza fulfilled their intentions with respect to the properties.

During the pendency of his bankruptcy case, the two rental properties owned by the Parties continued to generate rental income. This rent, being an estate asset, was initially collected by the Trustee, Ericka Parker. Later, however, with the Trustee's consent, the rent generated by the rental properties was placed in an escrow account maintained by Defendant's legal counsel. This rental income was subsequently abandoned by the Trustee when she abandoned her interest in the Defendant's rental properties. *See* 11 U.S.C. § 541(a)(6)/(7).

After accounting for some minor expenditures necessary to maintain the properties, the rent proceeds held by Defendant's legal counsel totaled $8,478.63. These proceeds were released to the Defendant and Mr. Garza after this Court entered its final judgment on the Plaintiff's complaint. Through his Motion to Alter or Amend Judgment, the Plaintiff now seeks to recover the rent released to the Defendant and Mr. Garza. The Plaintiff basis his Motion on these circumstances:

First, after receiving title to the two rental properties, the Plaintiff discovered that real estate taxes on the properties had not been paid since early 2008. The aggregate amount of the tax arrears totaled $7,697.46 which the Plaintiff paid from his own personal assets. Second, the Plaintiff,

Page 4

pointing to the commencement of a government nuisance proceeding, anticipates that he will need to incur significant costs to remediate problems associated with the properties.

## DISCUSSION

Before this Court is the Motion of the Plaintiff to Alter or Amended Judgment pursuant to Bankruptcy Rule 9023. Subject to a couple of limited exceptions, not applicable in this matter, Bankruptcy Rule 9023 provides that "Rule 59 F. R. Civ. P. applies in cases under the Code." For this purpose, paragraph (e) of Rule 59 governs a motion brought to alter or amend a judgment.

The party moving to alter or amend a judgment under Rule 59(e) carries the burden to show that grounds for the motion exist. *Fifth Third Bank of W. Ohio v. United States*, 52 Fed. Cl. 637, 639 (2002). This burden has been described as a heavy one. *Fla. Power & Light Co. v. United States*, 66 Fed.Cl. 93, 96 (2005). For his burden, that he should receive the rental income which had been returned to the Defendant, the Plaintiff stated that if "Defendants are permitted to keep the rental income, they will benefit from all of the rent, while foisting the entire tax burden and cost of repair on Bartson." (Doc. No. 118, at pg. 4-5). According to the Plaintiff, such "a result would be both absurd and unfair." *Id*. at 5.

Under Rule 59(e), no specific grounds are prescribed naming the conditions upon which a court may alter or amend a judgment. Instead, the decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the trial court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534.

In their discretionary role, courts have generally recognized four grounds as warranting amending or altering a previously entered judgment: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable

Page 5

evidence; (3) an intervening change in the controlling law; and (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re Bunting Bearings Corp.*, 321 B.R. 420, 422 (Bankr. N.D.Ohio 2004). In this matter, the position taken by the Plaintiff, regarding the need to ensure fairness and to avoid absurdity, most closely raises the last of these grounds – the need to prevent a manifest injustice.

Amending or altering a judgment based upon the need to prevent a manifest injustice is a catchall ground, allowing a court to modify its judgment where equity so compels. *See Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) (Rule 59(e) is used only "sparingly as an equitable remedy to prevent manifest injustice). For this purpose, and although most commonly raised in the form of a Rule 60(b) Motion, Rule 59(e) may be used, as the Plaintiff seeks to do here, to correct an omission from the judgment. *Continental Cas. Co. v. Howard*, 775 F.2d 876, 883 (7th Cir. 1985) ("Fed.R.Civ.P. 59(e) is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that the party is entitled to relief."). As applied to the particulars of this case, such a determination necessary requires an assessment of the Parties' respective interests in the rental proceeds.

In *Butner v. United States*, the United States Supreme Court held that, unless some federal interest requires a different result, property interests in a bankruptcy case are created and defined by state law. 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In this matter, the rental proceeds were generated from properties located in the state of Ohio. As a result, Ohio law controls the Parties' respective interests in the rental proceeds.[1]

---

[1]

When the Defendant filed for bankruptcy relief, his interest in the rental proceeds generated by the Parties' rental properties became property of his bankruptcy estate. 11 U.S.C. § 541(a). Normally then, the bankruptcy trustee charged with administering the estate, and not the Defendant, would have been the real party in interest to contest the Plaintiff's claim to the rental proceeds. *See Kane v. National Union Fire Insurance Co.*, 535 F.3d 380, 385 (5th Cir. 2008) ("a trustee, as the

Page 6

Bernard Bartson v. Jesus Marroquin
Case No. 09-3011

Where, as here, two or more persons hold title to the same real property, Ohio law provides that there is a presumption that the parties hold the property as tenants in common. O.R.C. § 5302.19 (presumption that when two or more people hold title to property, they do so as tenants in common). In addition, for this type of tenancy, the cotenants are also presumed to hold equal interests in the co-owned property. *Bryan v. Looker*, 94 Ohio App.3d 228, 231, 640 N.E.2d 590 (1994). Because no evidence exists to the contrary, these presumptions can be applied to the form of the title formerly held by the Parties in their two rental properties.

For taxes assessed against property held as a tenancy in common, Ohio law holds that each cotenant is liable for only that portion of taxes due and allocable to his interest. O.R.C. § 323.46 (involving partition); *Neubert v. Cassidy*, Not Reported in N.E.2d, 2000 WL 202106 *5 (Ohio App. 9th Dist. 2000). In this matter, the Defendant and Mr. Garza, through their jointly owned business, maintained a one-half interest in the Parties' two rental properties. It, thus, follows that the Defendant is liable for one-half of the $7,697.46 in outstanding tax arrears owed on the two rental properties, or $3,848.73.

---

representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."). This, however, is not the case here.

The Trustee's interest in the rental proceeds was abandoned from the estate when the Defendant's bankruptcy case was closed without the administration of this asset by the Trustee. 11 U.S.C. § 554(c). The effect of property being abandoned is to divest the estate of any interest in the property. The interest of the debtor in the property, as well as any other party having an interest, are then restored to the same extent as they existed immediately before the debtor commenced the bankruptcy case. *See, e.g., Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002) ("[W]hen property of the bankrupt is abandoned, the title 'reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously.'").

Page 7

Moreover, the rental proceeds released to the Defendant should have been used to cover this cost. When property held as a tenancy in common is leased, O.R.C. § 5307.21 provides that "[o]ne tenant in common, or coparcener, may recover from another tenant in common, or coparcener his share of rents and profits received by such tenant in common or coparcener from the estate, according to the justice and equity of the case." It is, thus, recognized that if a tenant in common, such as the Defendant, leases and controls co-owned property and collects rents on the property, that tenant takes on the duties and responsibilities of a bailiff or trustee and must account for rents collected. *Home Federal Savings & Loan Association of Marion, Ohio v. Kumar*, Not Reported in N.E.2d, 1979 WL 207996 *4 (Ohio App. 3rd Dist. 1979), *citing* 14 OHIO JUR. 2d Cotenancy § 10.

In a like way, the Plaintiff also claims that he is entitled to be reimbursed for the anticipated costs that will be incurred to remediate many deficiencies with the two rental properties. According to the Plaintiff, after accounting for the unpaid tax obligations on the two rental properties, these costs will exceed the $8,478.63 of rent released to the Defendant and Mr. Garza; thus, the Plaintiff asks that he be allowed to recover this entire sum. To illustrate the seriousness of the deficiencies, the Plaintiff called attention to the fact that, as against one of the rental properties, a governmental nuisance proceeding had been commenced.

In response, the Defendant makes a similar argument, setting forth that he is entitled to retain the rental proceeds because for a long period of time he "paid the expenses for the properties even when they exceeded the rental income in anticipation that when the properties would sell they would make a profit and ultimately benefit." (Doc. No. 124, at pg. 2). In this way, the Defendant maintained that when he and Mr. Garza "would collect rent the money would be used for maintaining the property and when there wasn't enough money to cover expenses they used their own money." *Id.* No evidence was offered by the Plaintiff contradicting this statement.

Bernard Bartson v. Jesus Marroquin
Case No. 09-3011

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff, Bernard Bartson, to Alter or Amend Judgment pursuant to Bankruptcy Rule 9023, be, and is hereby, GRANTED IN PART.

***IT IS FURTHER ORDERED*** that this Court's Order, as entered on November 16, 2010, (Docket Entry 116), is hereby amended so as to require that the Plaintiff be reimbursed the total sum of $6,163.68.

Dated: March 4, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 10

# CERTIFICATE OF SERVICE

Copies were mailed this 4th day of March, 2011 to:

Bernard L. Bartson
760 Michaels Road
Fremont, OH 43420

Tiffany E. Cavanaugh
Eastman & Smith Ltd.
One SeaGate, 24th Floor
PO Box 10032
Toledo, OH 43604

Janet E Hales
3137 W. Central Ave., PMB 8780
Toledo, OH 43606

Matthew D Harper
Eastman & Smith Ltd.
PO Box 10032
1 Seagate
24th Fl
Toledo, OH 43699-0032

James W Millon
Eastman & Smith, Ltd.
PO Box 10032
Toledo, OH 43699-0032

Jesus J. Marroquin
6665 Shadowcreek
Maumee, OH 43537

Joseph W Westmeyer, III
Westmeyer Law Office
421 N Michigan St
#C
Toledo, OH 43604-1606

Joseph W. Westmeyer, Jr
421 N Michigan St
#C
Toledo, OH 43604-1606

/s/Dawn Serna-Gensch
Deputy Clerk, U.S. Bankruptcy Court